THE STATE OF OHIO, APPELLEE, *v.* LILE, APPELLANT.

(No. 74 C.A. 62—Decided July 31, 1974.)

*Mr. Vincent E. Gilmartin,* prosecuting attorney, and *Mr. John A. Kicz,* for appellee.
*Mr. Michael L. Flynn,* for appellant.

LYNCH, P. J. Defendant is appealing the order of the County Court of Canfield overruling his motion to dismiss the charge against him of operating a motor vehicle while under the influence of alcohol, pursuant to R. C. 2945.71. He was arrested on March 8, 1974, and was notified that his trial was set for June 14, 1974, which was beyond the ninety day prohibition prescribed in R. C. 2945.71(B)(2).

We know from previous cases that there is a jurisdictional question of whether there is a final appealable order in this case. The pertinent part of R. C. 2953.05 is as follows:

"Appeal under section 2953.04 of the Revised Code, may be filed as a matter of right within thirty days after

judgment and sentence or from an order overruling a motion for a new trial * * * whichever is the latter.''

The Ohio Supreme Court has held that in a criminal case there must be a sentence which constitutes a judgment or a final order which amounts ''to a disposition of the cause'' before there is a basis for appeal. *State* v. *Chamberlain,* 177 **Ohio St. 104.**

We hold that the overruling of a motion in a criminal case to dismiss a misdemeanor of the first degree charge because the accused was not brought to trial within ninety days after his arrest or service of summons pursuant to R. C. 2945.71(B)(2) is interlocutory and is not a final appealable order. *State* v. *Holbrook,* 105 Ohio App. 414; *State* v. *Roberts,* 106 **Ohio App. 30;** 2 Ohio Jurisprudence 2d 631, Appellate Review, **Section 56.**

Defendant cites the case of *State* v. *Deckard,* 33 Ohio App. 2d 240, which was an appeal from an order of the Franklin County Court of Common Pleas overruling defendant's application for discharge filed pursuant to R. C. 2945.72 and 2945.73. We agree that the facts in the *Deckard* case are similar to the instant case. However, the opinion in *Deckard* does not discuss the question of whether the decision of the Franklin County Court of Common Pleas was a final, appealable order. However, by implication it is in conflict with the decision of this case, as well as the other cases cited in this opinion. Thus, it is in conflict with the Supreme Court decision of *State* v. *Chamberlain, supra.,* which is binding on us.

*Appeal dismissed.*

DONOFRIO and O'NEILL, JJ., concur.