THE STATE OF OHIO, APPELLEE, *v.* EBERHARDT, APPELLANT.

(No. 37124—Decided April 13, 1978.)

[black bar]

*Mr. John T. Corrigan,* prosecuting attorney, for appellee
*Mr. Thomas E. Frye,* for appellant.

KRENZLER, P. J.   The defendant-appellant, Kenneth Eberhardt, hereinafter referred to as the appellant, was indicted by the Cuyahoga County Grand Jury on June 10, 1976. The indictment's sole count charged the appellant with aggravated robbery, R. C. 2911.01. At his arraignment on August 2, 1976, the appellant entered a plea of not guilty to the charge.

The factual background to the institution of criminal proceedings against the appellant is not disputed between the parties. The appellant was arrested on May 11, 1976, by the Cleveland Police for the crime of aggravated robbery. Bond was set but was not posted to enable the appellant's release on bail. As a result, the appellant was held in custody on the above charge from May 11, 1976, until October 14, 1976.

On September 2, 1976, the appellant filed a motion to dismiss the indictment for failure to afford him a speedy trial as required by the Sixth Amendment to the United States Constitution and Section 10, Article I, Ohio Con-

stitution, and by Ohio's speedy trial statutes, R. C. 2945.71 through 2945.73.

A hearing was held on the motion to dismiss; and on October 4, 1976, the motion was overruled by the court. In its journalized decision, the trial court determined that the appellant was arrested on May 11, 1976, and had been incarcerated since that date due to a clerical error. The trial court determined that it had discretion to overrule the motion for discharge under R. C. 2945.72(H) which provides:

"The time within which an accused must be brought to trial * * * may be extended only by the following: * * *.

"(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion."

The record shows that prior to the filing of the motion to dismiss no motion for a continuance had been made by either the appellant or the state and no entry had been made by the court continuing the case for any reason. The record also shows that shortly after the trial court denied the motion to dismiss a *nolle prosequi* was entered on the indictment at the state's request.

On October 24, 1976, the appellant filed a notice of appeal to challenge the proceedings against him.

In effect, the appellant's sole assignment of error is that due to the combination of the denial of the motion to dismiss and the interposition of the *nolle prosequi* in the case plus the facts in the record demonstrating that he was not brought to trial within the statutory time limits solely because of clerical error, he was entitled to a dismissal of the indictment and discharge thereunder.

R. C. 2945.71(C)(2) and (D) provide that a person against whom a felony charge is pending shall be brought to trial within ninety days after arrest where the person has been held in jail in lieu of bail. *State* v. *Walker* (1974), 42 Ohio App. 2d 41. Trial must be held within the mandatory time limits unless the time for trial is extended by one or more provisions of R. C. 2945.72.

In the appellant's case, more than ninety days elapsed after his arrest and incarceration due to a clerical error. No provision of R. C. 2945.72 applied to extend the time for trial. Clerical error is not among the eight justifications contained in the statute for extending the time for trial. Also, no entry of a continuance was made justifying the trial court's resort to subsection (H) of the statute. *See State* v. *Pudlock* (1975), 44 Ohio St. 2d 104; *Oakwood* v. *Ferrante* (1975), 44 Ohio App. 2d 318. Pursuant to R. C. 2945.73(B) an accused shall be discharged if he is not brought to trial within the time period prescribed by R. C. 2945.71 and 2945.72. *State* v. *Gray* (1964), 1 Ohio St. 2d 21. Such dismissal is a bar to any further criminal proceedings against the accused based upon the same conduct alleged in the original indictment. R. C. 2945.73(D). Under the mandatory provision of Ohio's speedy trial statutes, the appellant was entitled to be discharged as a matter of law. *State* v. *Tope* (1978), 53 Ohio St. 2d 250.

In the appellant's case, however, the trial court after denying the motion to dismiss allowed the state's request for a *nolle prosequi*. This action by the court ended immediate prosecution against the appellant but, as the appellant correctly notes, did not foreclose the possibility of his reindictment for the same criminal activity. See *Columbus* v. *Stires* (1967), 9 Ohio App. 2d 315; *State* v. *Climer* (1974), 42 Ohio Misc. 3. The possibility of reindictment is not foreclosed even though subsequent proceedings must ultimately result in the appellant's discharge due to the state's failure to afford him a trial within the statutory time limits. *State* v. *Gray, supra; see also Klopfer* v. *North Carolina* (1967), 386 U. S. 213.

Because of the nature of the trial court's orders, we must also determine if there is a final appealable order presented in this appeal.

To provide a basis for appeal in a criminal case, there must be a sentence which constitutes judgment or there must be a final order amounting to a disposition of the cause. R. C. 2505.02; *see State* v. *Hunt* (1976), 47 Ohio St. 2d 170, and cases cited therein.

R. C. 2505.02 provides that "an order affecting a substantial right in an action which in effect determines the action and prevents a judgment * * * is a final order which may be reviewed, affirmed, modified, or reversed, with or without retrial. * * *"

The courts of this state have often addressed the question of whether a particular order is a final appealable one. As a consequence, a considerable body of law has evolved defining final appealable orders. Thus, with respect to nearly all of the orders commonly employed by the trial courts, we have general rules to guide us in determining whether a given order is a final appealable order or is merely interlocutory. The body of case law relative to this issue teaches that it is not the name or the character of the order which determines its appealability —it is the *effect* of the order upon the action. *State* v. *Holt* (1967), 9 Ohio St. 2d 147; *Schindler* v. *Standard Oil Co.* (1956), 165 Ohio St. 76; *Czech Catholic Union* v. *East End Bldg. & Loan* (1942), 140 Ohio St. 465; *Systems Construction, Inc.* v. *Worthington Forest* (1975), 46 Ohio App. 2d 95; *State* v. *Stark* (1966), 9 Ohio App. 2d 42; *House* v. *Moomaw* (1964), 120 Ohio App. 23.

In determining whether a given order is a final appealable order it is not enough to say the order is interlocutory and therefore not appealable. That an order is interlocutory is the conclusion of the analysis, not its starting point. The proper test to apply is whether the order affects a substantial right and in effect determines the action and prevents a judgment. R. C. 2505.02.

Generally speaking, the overruling of a motion to dismiss in a criminal case or a civil case is not considered a final appealable order. *State* v. *Lile* (1974), 42 Ohio App. 2d 89; *Schindler* v. *Standard Oil Co., supra.* Ordinarily, after a motion to dismiss is overruled, the case will proceed to trial and in the event of judgment adverse to the moving party, the trial court's action overruling the motion may become one of the assignments of error on appeal. Also as a general rule, the entering of a *nolle prosequi* in a criminal case is not a final appealable order. In the usual case, the entry of a *nolle prosequi* before the

accused is placed in jeopardy returns the parties to their relative positions prior to the institution of the prosecution and the accused is not denied a judgment in his favor by the entry. *Columbus* v. *Stires, supra.*

The foregoing is consistent with the general rule in Ohio that there should be one trial and one appeal. The general rules recited above do not mean, however, that these orders are not final appealable orders as a matter of law. There are unusual instances when orders which standing alone are not considered final appealable orders become appealable by virtue of the exceptional circumstances under which they are rendered. In the final analysis, all such orders must satisfy the three requirements of R. C. 2505.02—that the order affect a substantial right in the action and in effect determine the action and prevent a judgment. When an order, albeit interlocutory as a general rule, affects a substantial right and in the peculiar circumstances surrounding its entry the order in effect determines the action and prevents a judgment, such order is a final appealable order.

The appellant was not brought to trial within the statutory time limitation due to a clerical error. His motion to dismiss the indictment was denied although no justification existed under Ohio's speedy trial statutes for an extension of time within which he could lawfully be brought to trial. The trial court had no discretion to extend the time for trial under the facts of the case, and the appellant was entitled to be discharged. Had the case proceeded to trial, the appellant would have been either acquitted or convicted. If acquitted, the denial of his motion to dismiss would become a moot issue. If convicted, the appellant would be able to raise the state's failure to afford him a timely trial as error on appeal. The *nolle prosequi* prevented either disposition and committed the appellant to the uncertainty of possible reindictment and trial. And, in subsequent proceedings instituted against him, the appellant would ultimately be discharged due to the state's failure to afford him a speedy trial.

No useful purpose is served by requiring additional burdensome procedural steps to be undertaken before our consideration of the question raised in this appeal. *See State v. Holt, supra; Forest City Investment Co. v. Haas* (1924), 110 Ohio St. 188. The law does not require the doing of a vain act. Exercises in futility are especially to be avoided when a citizen's constitutionally protected interest in liberty is affected. The appellant's right to a discharge constituting a bar to further prosecution is a substantial right of obvious significance. *State v. Westbrook* (1975), 47 Ohio App. 2d 211.

Under the circumstances presented by this appeal, we conclude that there is an order affecting a substantial right which determined the action and prevented judgment within the meaning of R. C. 2505.02. Therefore this court has jurisdiction to consider the appeal.

We accede to the general proposition that in criminal actions neither the entering of a *nolle prosequi* nor the denial of a motion to dismiss is a final appealable order. It is only the admittedly rare combination such as presented here—the denial of the appellant's motion to dismiss coupled with the *nolle prosequi* following the trial court's disposition of the motion to dismiss which was contrary to law—which renders the case final and appealable.*

The trial court should have dismissed the indictment under R. C. 2945.73(B) and, therefore, committed prejudicial error in overruling appellant's motion. We reverse the order of the trial court overruling the motion. Under these circumstances, the court's entry of the *nolle prosequi* is of no consequence.

The appellant is discharged, which discharge is a bar

---

*The present case is to be distinguished from *Columbus* v. *Stires*, *supra*. In *Stires*, *nolle prosequi* entry to the charge against the accused was made before the motion for discharge was filed and overruled by the court. Once the *nolle prosequi* was entered, no pending action remained to be dismissed and no final appealable order could logically arise from the disposition of the motion for discharge. In the present case, the motion to discharge the defendant was overruled and subsequently the *nolle prosequi* was requested by the state and granted by the court.

to any further criminal proceedings against him based on the same conduct alleged in the indictment.

*Judgment reversed.*

PRYATEL and DAY, JJ., concur.

PRYATEL, J., concurring. I quite agree with the viewpoint so persuasively presented and offer some additional comments.

In the present posture of a *nolle,* the defendant could be reindicted (albeit mistakenly) and held for trial, with the likelihood that the case would again be *nolled* as the facts came to light. Defendant should be spared the worry and anxiety of such an occurrence which our holding would prevent. Moreover, if reindicted, the defendant or the state should be spared the additional cost of hiring or assigning counsel to obtain the discharge due the defendant under the undisputed facts connected with this unseasonably brought trial.