DECISION JUDGMENT ENTRY
It appearing that the judgment from which appellant, Henry Winland, appealed that denied his motion to dismiss, was not a final appealable order pursuant to R.C. 2505.02, this court ordered Winland to file a memorandum addressing that issue. Winland filed a memorandum in support of jurisdiction. Appellee did not respond.
As a general rule, an order denying a motion to dismiss is not a final appealable order. See State v. Eberhardt (1978), 56 Ohio App.2d 193; Statev. Torco Termite Pest Control (1985), 27 Ohio App.3d 233; State v. Lile
(1974), 42 Ohio App.2d 89.
Appellant asserts that this case is, in all practical aspects, identical to State v. Thomas (1980), 61 Ohio St.2d 254, which held that the overruling of a motion to dismiss on the grounds of double jeopardy was a final appealable order. Appellant fails to note, however, thatThomas was overruled ten years later by State v. Crago (1990),53 Ohio St.3d 243. See, also, generally, State v. Heckman (Nov. 21, 2000), Montgomery App. No 18441, unreported; State v. Ouellette (Feb. 5, 1999), Miami App. No. 98-CA-25, unreported.
We further note that the trial court noted on its judgment below that "This is a final appealable order." However, this court is not bound by a trial court's determination on that issue. See Ft. Frye Teachers Assn.v. Ft. Frye Local School Dist. Bd. of Edn. (1993), 87 Ohio App.3d 840. See, also, Pickens v. Pickens (Aug. 27, 1992), Meigs App. No. 459, unreported, at 4.
Upon consideration, this court finds that the Judgment Entry from which this appeal is taken is not a final appealable order pursuant to R.C.2505.02 and this court does not have jurisdiction to consider the merits of this appeal.
APPEAL DISMISSED. Costs to appellant.
 JUDGMENT ENTRY
It is ordered that the APPEAL BE DISMISSED and that appellee recover of appellant costs herein taxed.
It is further ordered that a special mandate issue out of this Court directing the Hocking County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Roger L. Kline, Administrative Judge, Abele, J. and Evans, J. Concur.