JOURNAL ENTRY and OPINION
{¶ 1} Loren Young, age 29, appeals from an order of the Cuyahoga County Juvenile Court which denied his motion to dismiss the case on speedy trial grounds, but granted the state's motion to dismiss the case without prejudice. For the reasons given below, we dismiss this appeal for lack of a final appealable order.
 {¶ 2} The record reflects that on March 20, 1990, Detective Hutton of the Cleveland Police Department filed a complaint against then 17-year-old Loren Young, alleging him to be delinquent on the basis that he engaged in conduct which, if successful, would have resulted in the offense of murder. On May 4, 1990, when he failed to appear in court to answer the complaint, the court issued a capias for his arrest.
 {¶ 3} Eleven years later, on October 22, 2001, the state filed a motion to have the juvenile court relinquish jurisdiction in accordance with R.C. 2151.26(C) and Juv.R. 30(A) and bind the case over to the general division of the common pleas court for trial. On November 9, 2001, the court arraigned Young and he denied the complaint at that time.
 {¶ 4} Thereafter, on January 16, 2002, Young moved to dismiss the complaint alleging a denial of his speedy trial rights. The court held a hearing on February 13, 2002, where it considered that motion, the state's bindover motion, and the state's oral motion to dismiss the case without prejudice. The court denied Young's speedy trial motion, but granted the state's motion to dismiss the case without prejudice. Young now appeals to our court, alleging a denial of his constitutional rights to a speedy trial and a denial of due process of law. However, because the trial court dismissed the case in Juvenile Court, there is no final order here for review. Accordingly, we are obligated to dismiss this appeal.
 {¶ 5} R.C. 2505.02 defines final order, stating, in pertinent part:
 {¶ 6} "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 {¶ 7} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 {¶ 8} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
 {¶ 9} "(3) An order that vacates or sets aside a judgment or grants a new trial;
 {¶ 10} A defendant's freedom from fear of possible future prosecution does not rise to the level of substantial right. Accord Statev. Dickerson (Aug. 13, 1986), Athens App. No. 1277 (the court's order dismissing the case without prejudice was not one that affected a substantial right because it did not deny or abridge any right of the defendant, but instead merely dismissed the indictment against him, as the defendant "walked out of the court room a free man").
 {¶ 11} Even if we were to consider freedom from the uncertainty of possible future prosecution as a substantial right, the court's February 13, 2002 order dismissing the case without prejudice did not determine the action or prevent a judgment; further, the court did not make it in a special proceeding or upon summary application in an action after judgment. Therefore, we are not presented with a final appealable order for review.
 {¶ 12} Young cites State v. Eberhardt (1978), 56 Ohio App.2d 193, in support of his position that the juvenile court issued a final appealable order. Eberhardt, however, is distinguishable on several bases: it is a case involving an adult, not a juvenile; furthermore, the facts there revealed that due to a clerical error, Eberhardt had in fact been jailed more than 90 days prior to trial in violation of Ohio's speedy trial statutes.
 {¶ 13} From our research on the issue, no court has applied Ohio's speedy trial rights to cases pending in juvenile courts. See State v.Bickerstaff (1984), 10 Ohio St.3d 62, which held that the time for speedy trial begins to run the day after a juvenile court relinquishes its jurisdiction. Furthermore, we recognize that despite rights afforded byIn re Gault (1967), 387 U.S. 1, 50, proceedings in juvenile courts are civil in nature, not criminal.
 {¶ 14} Moreover, aside from the fact that Eberhardt involved an adult defendant in the Common Pleas Court Division and Young's case pended in the Juvenile Court, no clerical error resulting in a clear violation of speedy trial rights occurred here as in Eberhardt, an additional distinguishing feature.
 {¶ 15} While procedurally, both the cases involve a denial of a motion to dismiss on speedy trial grounds followed by a nolle prosequi or a dismissal without prejudice, the substantive factual differences outlined above provide sufficient distinctions to warrant today's decision.
 {¶ 16} Since the State of Ohio has dismissed the complaint it filed against Young, there are no charges now pending against him and no case exists for our review. Therefore, this appeal is dismissed.
 {¶ 17} It is not surprising to me that the author of the concurring opinion is stupefied by my support of a rule to exclude judges' names from opinions — such is irrelevant to our review. Relevant, however, are parties and case designations. If secrecy were a concern, the rules allow for John Doe or Jane Roe nomenclature. That does not exist in this case.
 {¶ 18} The irony here is that the hypocrisy to which Judge Kilbane refers is a two-edged sword cutting equally against her position to name judges but not parties!
Appeal dismissed.
PATRICIA ANN BLACKMON, P.J., CONCURS IN JUDGMENT ONLY; ANNE L. KILBANE, J., CONCURS IN JUDGMENT ONLY WITH SEPARATE CONCURRING OPINION.