[Cite as *State v. Williams*, 2011-Ohio-6412.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

TRAMAINE WILLIAMS a/k/a
TRAMAINE ANTHONY

    Appellant

C.A. No.     25384

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 2010-02-0435

DECISION AND JOURNAL ENTRY

Dated: December 14, 2011

MOORE, Judge.

{¶1}    Appellant, Tramaine Williams, appeals the judgment of the Summit County Court of Common Pleas. This Court dismisses the appeal.

I.

{¶2}    On February 25, 2010, the Summit County Grand Jury indicted Tramaine Williams for one count of weapons under disability in violation of R.C. 2923.13(A), a felony of the third degree, one count of carrying concealed weapons in violation of R.C. 2923.12(A), a felony of the fourth degree, and one count of possession of marijuana in violation of R.C. 2925.11, a minor misdemeanor. Williams entered a negotiated plea of guilty on March 10, 2010 to the weapons under disability count, in exchange for the dismissal of the remaining two counts. A presentencing investigation was ordered, and sentencing was to take place on April 14, 2010. On March 12, 2010, the State filed a motion to dismiss the indictment pursuant to Crim.R. 48(A)

because it discovered that Williams was already under federal indictment for the same offense. The trial court granted the motion on April 14, 2010.

{¶3}    Williams timely filed a notice of appeal.  He raises three assignments of error for our review.

II.

### ASSIGNMENT OF ERROR I

"THE TRIAL COURT'S ORDER GRANTING THE MOTION TO DISMISS THE INDICTMENT AFTER ACCEPTING THE GUILTY PLEA IS VOID."

### ASSIGNMENT OF ERROR II

"[WILLIAMS'] FEDERAL INDICTMENT FOR AN IDENTICAL OFFENSE DOES NOT CONSTITUTE 'GOOD CAUSE' TO JUSTIFY A NOLLE PROSEQUI AS REQUIRED BY R.C. 2941.33."

{¶4}    In his first and second assignments of error, Williams argues that the trial court erred in granting the motion to dismiss the indictment, specifically because the State failed to demonstrate "good cause."  The State contends that, under the circumstances of this case, the granting of a motion to dismiss an indictment pursuant to Crim.R. 48(A) is not a final appealable order.  The State further contends that the record in this case demonstrates that the "good cause" requirement set forth in R.C. 2941.33 was satisfied and the trial court acted in the appropriate manner by allowing the State to dismiss the indictment.

{¶5}    Crim.R. 48(A), which sets forth the requirements for dismissal of criminal cases by the State, provides:

"(A) Dismissal by the state[.]  The state may by leave of court and in open court file an entry of dismissal of an indictment, information, or complaint and the prosecution shall thereupon terminate."

R.C. 2941.33 pertains to dismissals by the state as well, and states:

"The prosecuting attorney shall not enter a nolle prosequi in any cause without leave of the court, and good cause shown, in open court. A nolle prosequi entered contrary to this section is invalid."

{¶6} Before reaching the merits of Williams' argument, this Court must first determine whether the trial court's order granting the motion to dismiss the indictment constitutes a final appealable order.

{¶7} This Court's jurisdiction is limited to the review of final orders of lower courts. Section 3(B)(2), Article IV, Ohio Constitution. In the absence of a final, appealable order, this Court must dismiss the appeal for lack of jurisdiction. See id.; *Lava Landscaping, Inc. v. Rayco Mfg., Inc.* (Jan. 26, 2000), 9th Dist. No. 2930-M, at *1. "[I]n order to decide whether an order issued by a trial court in a criminal proceeding is a reviewable final order, appellate courts should apply the definitions of 'final order' contained in R.C. 2505.02." *State v. Muncie* (2001), 91 Ohio St.3d 440, 444. "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is * * * [a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment." R.C. 2505.02(B)(1).

{¶8} "Generally speaking, the overruling of a motion to dismiss in a criminal or a civil case is not considered a final appealable order. *State v. Lile* (1974), 42 Ohio App.2d 89; * * *. Also as a general rule, the entering of a nolle prosequi in a criminal case is not a final appealable order. In the usual case, the entry of a nolle prosequi before the accused is placed in jeopardy returns the parties to their relative positions prior to the institution of the prosecution and the accused is not denied a judgment in his favor by the entry." *State v. Tankersley* (Oct. 31, 1996), 8th Dist. Nos. 70068, 70069.

{¶9} In *Tankersley*, the trial court granted the State's motion to dismiss the indictment, and the defendant appealed. On appeal, the State argued that the trial court's granting of the

State's motion to dismiss the indictment prior to commencement of trial did not constitute a final appealable order pursuant to R.C. 2505.02 because the order did not affect a substantial right in the action which in effect determines the action and prevents a judgment. Id. at *3. The Eighth District agreed and further noted that the dismissal "merely returns defendants-appellants to the same position occupied prior to initiation of criminal charges and defendants-appellants are not denied a judgment in their favor[.]" Id. The Eighth District distinguished *Lakewood v. Pfeifer* (1992), 83 Ohio App.3d 47, a case also cited by Williams in support of his argument, because there the *State appealed* the trial court's *denial* of its motion to dismiss. The court concluded that the trial court's denial of the State's motion to dismiss was a final appealable order. But, see, *State v. Dickerson* (Aug. 13, 1986), 4th Dist. No. 1277 (acknowledging that the order dismissing the case without prejudice "did not deny or abridge any right of appellant, but instead merely dismissed the indictment against him. Appellant walked out of the courtroom a free man.").

{¶10} In support of his argument, Williams directs this Court to a number of cases that are distinguishable from the facts of this case. *State v. Ross*, 128 Ohio St.3d 283, 2010-Ohio-6282, discussed the grant of a motion for acquittal pursuant to Crim.R. 29, as opposed to a motion to dismiss pursuant to Crim.R. 48. *State v. Bayless*, 10th Dist. No. 02AP-215, 2002-Ohio-5791 and *State v. Monroe* (June 14, 2000), 4th Dist. No. 99CA632, each address Crim.R. 48 arguments following the State's filing of a new indictment and a subsequent conviction. The judgment of conviction provided the defendants with a final appealable order. Finally, *Pfeifer*, 83 Ohio App.3d at 50-51, and *State v. Sutton* (1979), 64 Ohio App.2d 105, 107, each address the State's right to appeal the denial of a motion to dismiss pursuant to *State v. Dixon* (1984), 14 Ohio App.3d 396.

{¶11}  Here, the State filed a motion to dismiss the indictment pursuant to Crim.R. 48. The trial court determined that there was good cause to dismiss the indictment, and granted the State's motion.  Upon dismissal of the indictment, Williams was placed in the same position he was in prior to the State's filing of criminal charges.  Therefore, we conclude that no substantial right of Williams has been affected by the court's April 14, 2010 order dismissing the case without prejudice.  The court's order is thus not a final appealable order.

## ASSIGNMENT OF ERROR III

"THE STATE'S MOTION TO DISMISS THE INDICTMENT IS VOID AS ITS FILING CONSTITUTED A 'BROKEN PLEA AGREEMENT,' WHICH REQUIRED SPECIFIC PERFORMANCE BY THE STATE TO PROTECT [WILLIAMS'] RIGHT TO DUE PROCESS."

{¶12}  In his third assignment of error, Williams argues that the State's motion to dismiss the indictment constituted a broken plea agreement.  As discussed above, this Court is without jurisdiction to review the trial court's granting of the motion to dismiss the indictment. Furthermore, Williams failed to raise these arguments before the trial court, and has consequently forfeited these arguments.  "An appellate court need not consider an error which a party complaining of the trial court's judgment could have called, but did not call, to the trial court's attention at a time when such error could have been avoided or corrected by the trial court."  *State v. Williams* (1977), 51 Ohio St.2d 112, paragraph one of the syllabus.

III.

{¶13}  For the foregoing reasons, the trial court's order granting the State's motion to dismiss the indictment does not, under the circumstances of this case, constitute a final appealable order pursuant to R.C. 2505.02.  Accordingly, the appeal is dismissed.

Appeal dismissed.

———

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CARLA MOORE
FOR THE COURT

WHITMORE, P. J.
DICKINSON, J.
CONCUR

APPEARANCES:

DONALD GALLICK, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.