[Cite as *State v. Yates*, 2016-Ohio-7356.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2016-A-0015** |
| DARREN M. YATES, | : | |
| Defendant-Appellant. | : | |

Criminal appeal from the Ashtabula Municipal Court, Case No. 08 CRB 01158.

Judgment: Appeal dismissed.

*Michael Franklin,* Ashtabula City Solicitor, and *Lori B. Lamer,* Assistant Solicitor, Ashtabula Municipal Court, 110 West 44th Street, Ashtabula, OH 44004 (For Plaintiff-Appellee).

*Darren M. Yates,* pro se, 3703 Lake Avenue, Apt. 612, Ashtabula, OH 44004 (Defendant-Appellant).

COLLEEN MARY O'TOOLE, J.

{¶1} This matter is before this court on appellant's February 12, 2016 pro se notice of appeal from the trial court's judgment of January 29, 2016.

{¶2} Appellee, the state of Ohio, moved to dismiss the appeal on April 1, 2016.

{¶3} The case stems from two charges brought against appellant in the trial court on June 27, 2008, of soliciting and possession of drugs.

{¶4} After years of failed attempts in bringing appellant to trial, on January 29, 2016, the state moved the trial court to dismiss the actions due to the passage of time

from the filing of complaint and since the state's witness was no longer employed with the Ashtabula County Police Department. On the same date, January 29, 2016, the trial court dismissed both charges against appellant.

{¶5} Appellant appealed on February 12, 2016, and he has since filed multiple pro se pleadings with this court which are difficult to follow.

{¶6} In the motion to dismiss, appellee asserts that appellant appears to be disputing everything regarding his case "from appearances to bonds to probable cause." In reviewing appellant's pleadings, it does appear that appellant has taken issue with events that occurred during his underlying case.

{¶7} "An order is a final order that may be reviewed, affirmed, modified or reversed, with or without retrial, when it is * * * [a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment." R.C. 2505.02(B)(1). The dismissal of charges in a criminal case is not a final appealable order. *State v. Williams*, 2011-Ohio-6412; *Lakewood v. Pfeifer* (1992), 83 Ohio App.3d 47; *State v. McWilliams*, 1995 Ohio App. LEXIS 2774.

{¶8} Under the circumstances of the present case, we find that the appealed judgment does not constitute a final appealable order under R.C. 2505.02.

{¶9} Accordingly, it is ordered that appellee's motion to dismiss is granted, and the appeal is hereby dismissed.

CYNTHIA WESTCOTT RICE, P.J.,

THOMAS R. WRIGHT, J.,

concur.

2