[Cite as *State v. Dickerson*, 2019-Ohio-2736.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

STATE OF OHIO,                              :

    Plaintiff-Appellee,              :

                                     No. 107419

    v.                                        :

OSCAR S. DICKERSON,                  :

    Defendant-Appellant.          :

---

**JOURNAL ENTRY AND OPINION**

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** July 3, 2019

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-14-585521-A

---

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Daniel T. Van, Assistant Prosecuting Attorney, *for appellee.*

Russell S. Bensing, *for appellant.*

EILEEN T. GALLAGHER, P.J.:

{¶ 1} Defendant-appellant, Oscar S. Dickerson, appeals from the trial court's denial of his motion to dismiss for preindictment delay. He raises the following assignment of error for review:

The trial court erred in denying the motion to dismiss the indictment for preindictment delay, in derogation of defendant's right to due process of law, as protected by the Fourteenth Amendment to the United States Constitution.

{¶ 2} After careful review of the record and relevant case law, we dismiss the appeal for lack of a final, appealable order.

## I. Procedural and Factual History

{¶ 3} In May 2014, Dickerson and his codefendant, Michael J. Jenkins, were named in a five-count indictment, charging them each with rape in violation of R.C. 2907.02(A)(2), to wit: fellatio; rape in violation of R.C. 2907.02(A)(2), to wit: vaginal intercourse; kidnapping in violation of R.C. 2905.01(A)(4); and two counts of complicity in violation of R.C. 2923.03(A)(2). The indictment stemmed from allegations that Dickerson and Jenkins raped the then 16-year-old victim, J.R., in July 1994.

{¶ 4} In November 2014, Dickerson filed a motion to dismiss for preindictment delay, arguing that he was substantially prejudiced by the unreasonable delay in the commencement of the prosecution because a key witness, Jerry Polivka, was now deceased. The trial court denied the motion to dismiss as untimely.

{¶ 5} During a jury trial, the state presented evidence that on July 2, 1994, the victim was walking home when she was approached by Dickerson, Jenkins, and Polivka. The men were inside a vehicle and offered J.R. a ride home, which she declined. However, when one of the men persisted, J.R. got into the car. She

testified that she accepted the ride because she was scared. Polivka, who was driving the vehicle, then drove to a nearby hotel, where it is alleged that Dickerson and Jenkins raped J.R. Polivka rented the hotel room in his name; however, he was not alleged to have been inside the hotel room during the incident.

{¶ 6} At the conclusion of trial, the jury convicted Dickerson of one count each of rape, complicity, and kidnapping. The trial court sentenced Dickerson to an aggregate five-year prison sentence.

{¶ 7} The state appealed, arguing the trial court erred by ordering a definite term of incarceration under the present sentencing regime because Dickerson would have been subject to an indefinite sentence under the sentencing regime as it existed at the time he committed the offenses. Dickerson cross-appealed, arguing the trial court erred in denying his motion to dismiss for preindictment delay. Alternatively, Dickerson argued that trial counsel rendered ineffective assistance of counsel by failing to file the motion to dismiss in a timely manner.

{¶ 8} On appeal, this court found the trial court did not abuse its discretion in denying the motion to dismiss as untimely. *State v. Dickerson*, 8th Dist. Cuyahoga No. 102461, 2016-Ohio-807, ¶ 35 ("*Dickerson I*"). However, this court concluded that defense counsel rendered ineffective assistance of counsel by failing to file a timely motion to dismiss for preindictment delay, because "there was a reasonable probability that it would have been granted had it been timely filed." *Id.* at ¶ 51. Accordingly, the case was remanded "to the trial court to vacate appellant's conviction[s]." *Id.* at ¶ 54. The state's appeal was rendered moot.

{¶ 9} Following the issuance of the Ohio Supreme Court's decision in *State v. Jones*, 148 Ohio St.3d 167, 2016-Ohio-5105, 69 N.E.3d 688, the state filed a motion for reconsideration, which the Ohio Supreme Court granted on August 31, 2016. *State v. Dickerson*, 146 Ohio St.3d 1493, 2016-Ohio-5585, 57 N.E.3d 1172. Accordingly, *Dickerson I* was vacated, and the cause was remanded to this court for application of *Jones*.

{¶ 10} On remand, this court complied with the directive of the Ohio Supreme Court and applied the standard set forth in *Jones* to the circumstances of this case. Ultimately, this court reiterated its conclusion that "[defense] counsel was deficient for not timely raising the issue of preindictment delay and that there was a reasonable probability of success had it been made." *State v. Dickerson*, 8th Dist. Cuyahoga No. 102461, 2017-Ohio-177, ¶ 49 ("*Dickerson II*"). This court stated, in relevant part:

> After consideration of this case, we find that Dickerson had a reasonable probability of success in demonstrating actual and substantial prejudice. The circumstances of this case are similar to the circumstances in [*State v.*] *Luck,* [15 Ohio St.3d 150, 427 N.E.2d 1097 (1984)] in that the defendants and the deceased witnesses were together here for, at least part of, the alleged crimes. Polivka was a key witness — he was with the victim for a number of hours during the course of alleged crimes and the victim herself was unable to account for that time. Thus, under the particular circumstances of this case, we find that Dickerson had a reasonable probability of success in demonstrating actual and substantial prejudice, the first prong of a claim of preindictment delay.
> Further, under the second part of the preindictment delay test, we find that Dickerson would have had a reasonable probability of success on his motion given the state's reason for the delay.

*Id.* at ¶ 59-60.  Having found that defense counsel rendered ineffective assistance of counsel, this court "reversed" Dickerson's convictions.  *Id.* at ¶ 64.  The state filed an appeal challenging the decision in *Dickerson II*.  However, the Ohio Supreme Court declined to accept the state's appeal for review on October 11, 2017.

{¶ 11}  On remand to the trial court, Dickerson filed a motion to dismiss the indictment based on "the law of the case."  He maintained that further proceedings were unnecessary in light of this court's decision in *Dickerson II*, and our "legal conclusion that Dickerson had been prejudiced by the preindictment delay, and that the delay had been unjustifiable."  The state opposed the motion to dismiss, arguing the trial court was obligated to hear and decide Dickerson's motion to dismiss for preindictment delay.

{¶ 12} In November 2017, the trial court denied Dickerson's motion to dismiss based on the law of the case, stating in relevant part:

> The appellate court's mandate is its instruction to the lower court on how to proceed in light of the decision on the appeal.  The mandate here is simply to "carry this judgment [reversing Dickerson's conviction] into execution."  Since the mandate is silent on what to do other than vacate the conviction, the appellate court's intent can only be discerned from the rest of the opinion.  As already pointed out above, the appellate decision makes clear the court's assessment that Dickerson had a "viable" claim for prejudicial preindictment delay based on the "strong probability" that he can demonstrate the two elements necessary for the claim.  But nowhere does the appellate court either declare that the motion is meritorious or direct [the trial court] to grant the motion to dismiss the indictment.
>
> * * *
>
> [F]inding a reasonable probability that the motion would have been granted is not the same as finding that it should have been granted. The

court of appeals concluded that Dickerson was denied constitutional due process by virtue of counsel's deficient performance. But the court of appeals did not find error in denying the motion.

{¶ 13} Thereafter, Dickerson filed a motion to dismiss for preindictment delay in December 2017. In the motion, Dickerson reiterated his position that the delayed prosecution violated his right to due process of law. Following an evidentiary hearing, the trial court issued a judgment entry in June 2018, denying Dickerson's motion to dismiss for preindictment delay. The trial court found Dickerson failed to establish actual prejudice, stating, in relevant part:

> Here, the only way to conclude that Dickerson and Jenkins are prejudiced without Polivka being available as a witness is to make several assumptions, not all of which are plausible and, more importantly, none of which are grounded in reasonable inferences known from the evidence.
>
> * * *
>
> Ultimately, the defendant's rely only on the fact that Polivka is now dead to support their claim of prejudice. Yet the death of a potential witness during the preindictment period can constitute prejudice, but only if the defendant can identify exculpatory evidence that was lost and shows that the exculpatory evidence could not be obtained by other means. *State v. Adams*, 144 Ohio St.3d 429, 445 (2015). Dickerson and Jenkins have utterly failed to identify the substance of the alleged lost testimony.

{¶ 14} Based on the trial court's denial of Dickerson's motion to dismiss, the state immediately filed a motion to reinstate Dickerson's convictions. The state argued that "now that the trial court has denied the motion [to dismiss], the spirit of the law requires [the] court to reinstate the convictions." The state suggested that

to hold otherwise would grant Dickerson "the windfall of a new trial."   In July 2018, the trial court denied the motion to reinstate Dickerson's convictions.

{¶ 15} Dickerson now appeals from the trial court's judgment denying his motion to dismiss for preindictment delay.

## II.  Law and Analysis

{¶ 16} In his sole assignment of error, Dickerson argues the trial court erred in denying his motion to dismiss for preindictment delay.  However, this court lacks subject matter jurisdiction to consider Dickerson's appeal in the absence of a final, appealable order. *CitiMortgage, Inc. v. Roznowski*, 139 Ohio St.3d 299, 2014-Ohio-1984, 11 N.E.3d 1140, ¶ 10. Therefore, before addressing the substantive merits of Dickerson's appeal, we must determine whether the denial of a motion to dismiss for preindictment delay is a final, appealable order.  Sua sponte, this court ordered the parties to brief the issue in light of the trial court's judgment denying the state's request to reinstate Dickerson's convictions.

{¶ 17} The Ohio Constitution limits appellate jurisdiction to the review of final judgments of lower courts. Ohio Constitution, Article IV, Section 3(B)(2).  To qualify as a final, appealable order under R.C. 2505.02(B)(4), the journal entry being appealed must satisfy three statutory requirements (1) the order must grant or deny a "provisional remedy," as that term is defined in the statute, (2) the order must in effect determine the action with respect to the provisional remedy, and (3) the appealing party would not be afforded a meaningful review of the decision if that

party had to wait for final judgment as to all proceedings in the action. *State v. Anderson*, 138 Ohio St.3d 264, 2014-Ohio-542, 6 N.E.3d 23, ¶ 43.

{¶ 18} Relevant to the circumstances presented in Dickerson's appeal, this court has previously stated as follows:

> It is well established that the common pleas court's denial of a motion to dismiss an indictment is an interlocutory order that is not immediately appealable. See *State v. Crawley*, 96 Ohio App.3d 149, 155-156, 644 N.E.2d 724 (12th Dist.1994); *State v. Hawkins*, 30 Ohio App.3d 259, 507 N.E.2d 425 (8th Dist.1986); *State v. Loshin*, 34 Ohio App.3d 62, 68, 517 N.E.2d 229 (1st Dist.1986); *State v. Eberhardt*, 56 Ohio App.2d 193, 381 N.E.2d 1357 (8th Dist.1978) (denial of defendant's motion to dismiss the indictment was not a final order until the trial court issued nolle prosequi, thereby "commit[ting] the appellant to the uncertainty of possible reindictment and trial.").

*State v. Mitchell*, 8th Dist. Cuyahoga No. 104314, 2017-Ohio-94, ¶ 10.

{¶ 19} In *Eberhardt*, this court explained:

> Generally speaking, the overruling of a motion to dismiss in a criminal or a civil case is not considered a final appealable order. *State v. Lile* (1974), 42 Ohio App.2d 89, 330 N.E.2d 452 * * *. Ordinarily, after a motion to dismiss is overruled, the case will proceed to trial and in the event of judgment adverse to the moving party, the trial court's action overruling the motion may become one of the assignments of error on appeal. * * *.
>
> The foregoing is consistent with the general rule in Ohio that there should be one trial and one appeal.

*Id.* at 198. *See also Lakewood v. Pfeifer*, 83 Ohio App.3d 47, 50, 613 N.E.2d 1079 (8th Dist.1992). Nevertheless, "[t]here are unusual instances when orders which standing alone are not considered final appealable orders become appealable by virtue of the exceptional circumstances under which they are rendered." *Id.*

{¶ 20} In its supplemental brief, the state argues that "Dickerson's appeal is premature" and "should be dismissed for lack of a final, appealable order." The state contends that even if the trial court denied Dickerson a provisional remedy, he will be afforded a meaningful and effective remedy following a final judgment.

{¶ 21} In contrast, Dickerson argues the trial court's denial of his motion to dismiss for preindictment delay is a final, appealable order because the motion determined the action with respect to a "provisional remedy," and he will not be afforded a meaningful and effective remedy if it must wait until the final judgment to bring his appeal. In support of his contention that he would not be afforded a meaningful review absent an interlocutory appeal, Dickerson asks this court to consider (1) the constitutional rights involved in his motion to dismiss, (2) principles of fundamental fairness, (3) the conservation of judicial resources, and (4) the likelihood of Dickerson prevailing in this appeal. His argument relies on the Ohio Supreme Court's decisions in *State v. Chambliss*, 128 Ohio St.3d 507, 2011-Ohio-1785, 947 N.E.2d 651, and *State v. Anderson*, 138 Ohio St.3d 264, 2014-Ohio-542, 6 N.E.3d 23, and this court's decision in *State v. Anderson*, 8th Dist. Cuyahoga No. 106304, 2018-Ohio-3051.

{¶ 22} In *Chambliss*, the Supreme Court stated that "[a] pretrial ruling removing a criminal defendant's retained counsel of choice is a final order subject to immediate appeal." In reaching this conclusion, the Supreme Court's analysis focused on whether an immediate appeal was the only means to ensure the defendant an effective remedy. *Id.* at ¶ 16. In its examination of this issue, the court

noted that because different attorneys will often pursue different legal strategies regarding many aspects of a criminal case, it will be difficult to determine at the end of the action whether the erroneous disqualification of counsel was prejudicial. *Id.* at ¶ 18-20. As a result, an erroneous disqualification is considered a structural error that entitles the criminal defendant to an automatic reversal of his conviction. *Id.* For this reason, the *Chambliss* court ultimately held that a pretrial disqualification order must be immediately appealable because it is the only way to ensure a meaningful appellate remedy. *Id.* at ¶ 22.

{¶ 23} In *Anderson*, 138 Ohio St.3d 264, 2014-Ohio-542, 6 N.E.3d 23, the Ohio Supreme Court held that an order denying a motion to dismiss on double-jeopardy grounds is a final order under R.C. 2505.02(B)(4) as a provisional remedy. *Id.* at ¶ 49. The court explained that it had "little trouble concluding that a motion to dismiss on double-jeopardy grounds is an ancillary proceeding," because a motion to dismiss an indictment on grounds of double jeopardy is "'separate from and entirely collateral to the substantive issues at trial.'" *Id.* at ¶ 48-50, quoting Sellers, *Between a Rock and a Hard Place: Does Ohio Revised Code Section 2505.02 Adequately Safeguard a Person's Right Not to Be Tried?*, 28 Ohio N.U.L. Rev. 285, 299 (2002). The court also found that "a decision on a motion to dismiss on double-jeopardy grounds determines the action because it permits or bars the subsequent prosecution." *Id.* at ¶ 52. Finally, noting that double jeopardy barred a second trial for the same offense, the Supreme Court held that absent an interlocutory appeal, a party seeking dismissal of an indictment on double-jeopardy grounds would not be

afforded a meaningful review of the decision if forced to go to trial before being able to appeal. *Id.* at ¶ 59.

{¶ 24} In *Anderson*, 8th Dist. Cuyahoga No. 106304, 2018-Ohio-3051, the defendant-appellant shot his girlfriend in 1996, leaving her in a "persistent vegetative state." *Id.* at ¶ 1. The defendant pled guilty to attempted murder in November 1996. Subsequently, in 1998, the victim died as a result of the injuries she sustained from the shooting. Nineteen years later, in March 2017, the state charged the defendant with murder. The defendant filed a motion to dismiss the 2017 indictment, arguing that "the state did not expressly reserve the right to file additional charges on the record at the time of his [1996] guilty plea." *Id.* The trial court denied the defendant's motion to dismiss, concluding that "the state did not anticipate the 1996 plea would terminate the entire incident." *Id.*

{¶ 25} On appeal, this court held that although the case did not involve double jeopardy protections, "the [Ohio Supreme Court's] *Anderson* decision applies by implication." *Id.* at ¶ 7. Regarding the third prong of the R.C. 2505.02(B) final order analysis, this court explained that absent an interlocutory appeal, the defendant would not be afforded a meaningful remedy. This determination relied on the Ohio Supreme Court's unambiguous holding that:

> "the state cannot indict a defendant for murder after the court has accepted a negotiated guilty plea to a lesser offense and the victim later dies of injuries sustained in the crime, unless the state expressly reserves the right to file additional charges on the record at the time of the defendant's plea."

*Id.* at ¶ 8, quoting *State v. Carpenter*, 68 Ohio St.3d 59, 62, 623 N.E.2d 66 (1993).

{¶ 26} In denying the state's motion to dismiss the appeal for lack of a final order, this court concluded that "[d]enying Anderson the right to an immediate appeal from the denial of his motion to dismiss the indictment and forcing him to stand trial for murder would deprive him of the reasonable expectation that his guilty plea terminated the proceedings against him in this case." *Anderson*, 8th Dist. Cuyahoga No. 106304, 2018-Ohio-3051, at ¶ 8. Guided by the Ohio Supreme Court's holding in *Carpenter*, this court emphasized that the only thing that could have changed the defendant's expectation of finality in the 1996 guilty plea was the state's express reservation of its right to file additional charges. *Id.* at ¶ 9-11.

{¶ 27} After careful consideration, we decline to extend the foregoing precedent to the circumstances of this case. In *Anderson*, the Ohio Supreme Court developed a narrowly tailored exception that applies only to motions to dismiss on double jeopardy grounds. Similarly, *Chambliss* is narrowly tailored to a pretrial ruling disqualifying a criminal defendant's retained counsel of choice. And finally, this court's decision in *Anderson* was premised on clear error in the trial court's failure to apply "an unambiguous legal proposition" of the Ohio Supreme Court. *Anderson* at ¶ 11. In this case, Dickerson's motion to dismiss is not related to double jeopardy grounds or the disqualification of chosen counsel. Moreover, unlike the circumstances presented to this court in *Anderson*, the trial court's denial of Dickerson's preindictment delay motion is not in direct conflict with objective, unambiguous precedent of the Ohio Supreme Court.

{¶ 28} While Dickerson presumes that our prior decisions in *Dickerson I* and *Dickerson II* illustrate the likelihood of his success in this appeal, we note that our decision was limited to a review of an ineffective assistance of counsel claim. Unquestionably, an ineffective assistance of counsel claim incorporates a different standard of review than that applied to appellate review of a denial of the motion to dismiss for preindictment delay. Accordingly, we find no sufficient basis to diverge from the well-established principle that the common pleas court's denial of a motion to dismiss an indictment is an interlocutory order that is not immediately appealable.

{¶ 29} If Dickerson is convicted, he can appeal the denial of his motion to dismiss, and the preindictment delay issue can be fully addressed by this court at that time. Under these circumstances, we are unable to conclude that Dickerson will be deprived of a meaningful or effective remedy if he must wait to challenge the trial court's decision until after final judgment. The trial court's denial of Dickerson's motion to dismiss for preindictment delay is not a final, appealable order under R.C. 2505.02(B).

{¶ 30} Appeal dismissed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, PRESIDING JUDGE

ANITA LASTER MAYS, J., and
FRANK D. CELEBREZZE, JR., J., CONCUR