[Cite as *State v. Rankin*, 2024-Ohio-5369.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

| | |
|---|---|
| STATE OF OHIO, | **CASE NO. 2024-A-0075** |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the County Court, Eastern District |
| JEANNA RANKIN, | |
| Defendant-Appellant. | Trial Court No. 2024 CRB 00008 E |

**M E M O R A N D U M**
**O P I N I O N**

Decided: November 12, 2024
Judgment: Appeal dismissed

*Colleen M. O'Toole*, Ashtabula County Prosecutor, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Jeanna Rankin*, pro se, 185 Hadley Road, Greenville, PA 16125 (Defendant-Appellant).

JOHN J. EKLUND, J.

{¶1} Appellant, Jeanna Rankin, pro se, appeals from a September 9, 2024 judgment of the Ashtabula County Municipal Court, Eastern District.

{¶2} On January 17, 2024, complaints for criminal trespass, a fourth degree misdemeanor, and telecommunications harassment, a first degree misdemeanor, were filed against appellant. In the September 9, 2024 entry, the trial court dismissed both counts pursuant to Crim.R. 48(A). Appellant appeals from that entry.

{¶3} According to Section 3(B)(2), Article IV of the Ohio Constitution, a court of appeals is limited to the review of final orders from lower courts. R.C. 2505.02(B) sets

forth seven categories of "final orders," and if a trial court's judgment satisfies any of one of them, it will be considered a "final order" which can be immediately appealed and reviewed by an appellate court. *Germ v. Fuerst*, 2003-Ohio-6241, ¶ 3 (11th Dist.).

{¶4} Crim.R. 48(A) provides that "[t]he state may by leave of court and in open court file an entry of dismissal of an indictment, information, or complaint and the prosecution shall thereupon terminate." This type of dismissal does not fall under any of the categories in R.C. 2505.02 and is not considered to be a final appealable order. *State v. Barna*, 2021-Ohio-3794, ¶ 2 (11th Dist.). As a result of this type of dismissal, a defendant is simply placed in the same position the he or she was in prior to the charges being filed. *State v. Williams*, 2011-Ohio-6412, ¶ 11 (9th Dist.).

{¶5} Here, the trial court dismissed the charges pursuant to Crim.R. 48(A). Therefore, appellant was placed in the same position she was in prior to appellee's filing of criminal charges.

{¶6} For the foregoing reasons, this appeal is hereby dismissed for lack of a final appealable order.

MATT LYNCH, J.,

ROBERT J. PATTON, J.,

concur.

2

Case No. 2024-A-0075