[Cite as *State v. Smith*, 2018-Ohio-1756.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 105662

---

## STATE OF OHIO

### PLAINTIFF-APPELLEE

vs.

## DEANDREW SMITH

### DEFENDANT-APPELLANT

---

**JUDGMENT:**
REVERSED AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-16-605525-A

**BEFORE:** Celebrezze, J., S. Gallagher, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** May 3, 2018

**ATTORNEYS FOR APPELLANT**

Marcus S. Sidoti
Jordan & Sidoti, L.L.P.
Terminal Tower, Suite 1900
50 Public Square
Cleveland, Ohio 44113

Mary Catherine Corrigan
4403 St. Clair Avenue
Cleveland, Ohio 44103


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
BY:    Mary McGrath
          Khalilah A. Lawson
Assistant Prosecuting Attorneys
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., J.:

{¶1} Appellant, De'Andrew Smith,[1] appeals from his motion to preclude the state from retrying him on charges of felonious assault. Appellant claims principles of double jeopardy preclude retrial for felonious assault after a jury found him not guilty of that crime but could not reach a verdict on the inferior offense of aggravated assault. After a thorough review of the record and law, this court reverses and remands for further proceedings consistent with this

---

[1] The record before this court contains two spellings of appellant's first name: De'Andrew and Deandrew.

opinion.

## I. Factual and Procedural History

{¶2} Appellant, a student at Westlake High School, was involved in a fight with another student in a restroom near the cafeteria of the school. The fight was recorded by at least one other student. The video shows appellant and the student exchanging blows, and then appellant picks up the other student and drops him on his head. This other student suffered significant injuries and spent several days in the hospital. Appellant and the other student involved in the fight were suspended from school.

{¶3} Appellant was indicted and charged with felonious assault, a second-degree felony violation of R.C. 2903.11(A)(1); and abduction, a third-degree felony violation of R.C. 2905.02(A)(2). A jury trial commenced on December 5, 2016. Near the close of evidence, the state requested a jury instruction for the inferior offense of aggravated assault, which the court gave. At the close of the trial, the jury returned a not-guilty verdict for the felonious assault count. However, the jury could not reach a verdict for the inferior offense of aggravated assault or the abduction count.

{¶4} The court declared a mistrial and scheduled a new trial for the charge of abduction only. In February 2017, the state filed a motion seeking retrial of felonious assault and abduction, and appellant orally moved to dismiss the felonious assault count based on double jeopardy. The issue was then briefed by the parties.

{¶5} On April 10, 2017, the trial court granted the state's motion, finding that principles of double jeopardy did not preclude retrial. The court also found that the jury's findings regarding felonious assault and aggravated assault constituted an inconsistency that could result in retrial for felonious assault. The trial court denied appellant's motion to dismiss. Appellant

filed the instant appeal from this order, assigning two errors for review:

I. The trial court erred by finding that the appellant could be re-tried on the count of felonious assault as well as on the inferior offense instruction of aggravated assault.

II. The trial court erred in instructing the jury on the inferior offense of aggravated assault.

## II. Law and Analysis

### A. Final Appealable Order

{¶6} As noted above, the jury found appellant not guilty of felonious assault as charged in Count 1 of the indictment. The jury was unable to reach a verdict on the inferior offense of aggravated assault or on the abduction offense charged in Count 2.

{¶7} Appellant concedes that the state can retry him on the abduction count. Accordingly, the appeal before this court is an interlocutory appeal. As an initial matter, we address whether the trial court's judgment denying appellant's motion to dismiss the felonious assault count is a final appealable order.

{¶8} Generally, the denial of a motion to dismiss is not a final appealable order. *State v. Mitchell*, 8th Dist. Cuyahoga No. 104314, 2017-Ohio-94, ¶ 11, citing *State v. Eberhardt*, 56 Ohio App.2d 193, 198, 381 N.E.2d 1357 (8th Dist.1978), and *State v. Lile*, 42 Ohio App.2d 89, 330 N.E.2d 452 (7th Dist.1974). However, "[t]he denial of a motion to dismiss on double jeopardy grounds is a final appealable order subject to immediate appellate review." *Cleveland v. Jones*, 8th Dist. Cuyahoga No. 104965, 2017-Ohio-7320, ¶ 11, citing *State v. Anderson*, 138 Ohio St.3d 264, 2014-Ohio-542, 6 N.E.3d 23, ¶ 26.

{¶9} In *Anderson*, the Ohio Supreme Court emphasized that "[t]he denial of an interlocutory appeal to an accused arguing that a prosecution is barred by double jeopardy vitiates

one of the very protections the Constitution provides: the right not to be improperly forced to stand trial repeatedly for the same offense." *Id.* at ¶ 55.

> "[The] protections [of the Double Jeopardy Clause] would be lost if the accused were forced to 'run the gauntlet' a second time before an appeal could be taken; even if the accused is acquitted, or, if convicted, has his conviction ultimately reversed on double jeopardy grounds, he has still been forced to endure a trial that the Double Jeopardy Clause was designed to prohibit. Consequently, if a criminal defendant is to avoid exposure to double jeopardy and thereby enjoy the full protection of the Clause, his double jeopardy challenge to the indictment must be reviewable before that subsequent exposure occurs."

(Emphasis deleted, and footnote omitted.) *Anderson* at ¶ 56, quoting *Abney v. United States*, 431 U.S. 651, 662, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977). The court went on to conclude that a postconviction appeal is not an adequate remedy "'because the protection against double jeopardy is not just protection against being punished twice for the same offense, it is also the protection against *being tried twice* for the same offense.'" (Emphasis added.) *Anderson* at ¶ 58, quoting *Wenzel v. Enright*, 68 Ohio St.3d 63, 68, 623 N.E.2d 69 (1993) (Wright, J., dissenting).

{¶10} Based on the *Anderson* rationale, we find that the trial court's judgment denying appellant's motion to dismiss the felonious assault count on double jeopardy grounds and permitting the state to commence a second prosecution on both the felonious assault and abduction counts is a final appealable order subject to immediate appellate review.

### A. Double Jeopardy

{¶11} In his first assignment of error, appellant argues that the trial court erred by permitting the state to proceed with a second prosecution on the felonious assault count and by determining that the second prosecution would not violate the principles of double jeopardy. We agree.

{¶12} The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, and Article I, Section 10 of the Ohio Constitution protect a defendant from being twice put in jeopardy for the same offense. *In re A.G.*, 148 Ohio St.3d 118, 2016-Ohio-3306, 69 N.E.3d 646, ¶ 8. Both the Supreme Court of the United States and Supreme Court of Ohio have acknowledged,

> "[t]he Double Jeopardy Clause protects against three abuses: (1) 'a second prosecution for the same offense after acquittal,' (2) 'a second prosecution for the same offense after conviction,' and (3) 'multiple punishments for the same offense.' *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), *overruled on other grounds*, *Alabama v. Smith*, 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989)."

*In re A.G.* at ¶ 8, quoting *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 10. In *Richardson v. United States*, 468 U.S. 317, 104 S.Ct. 3081, 82 L.Ed.2d 242 (1984), the United States Supreme Court explained that "the protection of the Double Jeopardy Clause by its terms applies only if there has been some event, *such as an acquittal*, which terminates the original jeopardy." (Emphasis added.) *Id.* at 325, citing *Justices of Boston Mun. Court v. Lydon*, 466 U.S. 294, 308-310, 104 S.Ct. 1805, 80 L.Ed.2d 311 (1984), and *Price v. Georgia*, 398 U.S. 323, 329, 90 S.Ct. 1757, 26 L.Ed.2d 300 (1970).

{¶13} In the instant matter, in instructing the jury on the inferior offense of aggravated assault, the trial court stated that "[i]f you find that the [s]tate failed to prove beyond a reasonable doubt that the defendant knowingly caused serious physical harm to [the victim], then your verdict must be not guilty [on Count 1]." (Tr. 770.) The trial court continued by instructing the jury that it should only consider the mitigating element — that appellant was under the influence of sudden passion or in a sudden fit of rage, either of which was brought on by serious provocation occasioned by the victim — *if* it found that the state proved beyond a reasonable

doubt that appellant knowingly caused serious harm to the victim. (Tr. 770-771.) During deliberations, the trial court received the following communication from the jury: "Question: Can [appellant] be found guilty of aggravated assault without meeting all the criteria (specifically 'knowingly') of the charge of felonious assault[?]" (Tr. 826.)

{¶14} Thereafter, on December 13, 2016, the jury returned its verdict. The jury found appellant not guilty of felonious assault. (Tr. 844-845.) The jury was unable, however, to reach a verdict on the inferior offense of aggravated assault or the abduction offense charged in Count 2. (Tr. 846.)

{¶15} After reviewing the record, it is evident that either the jury failed to follow the court's instructions regarding the offenses of felonious assault and the inferior offense of aggravated assault, or the jury was confused by the instructions. Although the jury found that the state failed to prove at least one element of felonious assault beyond a reasonable doubt, the jury proceeded to consider, but failed to reach a verdict on the inferior offense of aggravated assault.

{¶16} The jury's confusion is evidenced by the question that the jury submitted to the trial court during deliberations. Because the essential elements of felonious assault and aggravated assault are identical, the answer to the jury's question, of course, is no — the jury could not find appellant guilty of aggravated assault without finding that the state proved, beyond a reasonable doubt, that he knowingly caused serious physical harm to the victim. Had the jury followed the trial court's instructions, they would not have considered the aggravated assault offense after finding appellant not guilty of felonious assault.

{¶17} Despite the fact that the jury either failed to follow or was confused by the trial court's jury instructions, the trial court remedied this issue by accepting the jury's verdict of not

guilty on the felonious assault charge and declaring a mistrial on only the abduction charge. (Tr. 848.) After excusing the jury, the trial court explained, "the [inferior offense of aggravated assault] was given by the judge so it's not part of the indictment. So the case will go back as a mistrial only on Count Two, the abduction charge." (Tr. 849.)

{¶18} In applying the *Richardson* holding to the facts of this case, we find that jeopardy attached when appellant was acquitted of the felonious assault count. Accordingly, the Double Jeopardy Clause barred the state from retrying appellant on the felonious assault count. The trial court's judgment permitting the state to proceed on the felonious assault count is reversed.

{¶19} The Double Jeopardy Clause does not apply, however, when the jury fails to agree on a verdict. It is well-established that a mistrial as a result of a deadlocked jury does not invoke double jeopardy implications because "a hung jury is not an event that terminates the original jeopardy to which [the defendant] was subjected." *Richardson* 468 U.S. at 326, 104 S.Ct. 3081, 82 L.Ed.2d 242. "In other words, a hung jury is not the equivalent of an acquittal." *Id*. at 325. Accordingly, "a retrial following a 'hung jury' does not violate the Double Jeopardy Clause." *Id*. at 324.

{¶20} In this case, because the jury was unable to agree on a verdict on the abduction count charged in Count 2, the Double Jeopardy Clause did not bar the state from retrying appellant on this count. Accordingly, the trial court's judgment permitting the state to proceed on the abduction count is affirmed.

{¶21} For all of the foregoing reasons, appellant's first assignment of error is sustained.

**B. Improper Jury Instructions**

{¶22} In his second assignment of error, appellant argues that the trial court erred in instructing the jury on the inferior offense of aggravated assault.

{¶23} The appeal before this court is limited in nature. The order that appellant is appealing from is a finding that appellant can be retried for felonious assault and abduction after overruling his arguments regarding double jeopardy. This constitutes a final, appealable order. *Anderson*, 138 Ohio St.3d 264, 2014-Ohio-542, 6 N.E.3d 23, at ¶ 61. However, it does not mean that appellant can bootstrap other issues to this final order. *See State v. Lawson*, 9th Dist. Medina No. 16CA0081-M, 2018-Ohio-694, ¶ 8, quoting *State v. Hartman*, 9th Dist. Medina No. 15CA0090-M, 2017-Ohio-1089, ¶ 11 (an appellate court's review in an interlocutory appeal taken from a trial court's denial of a motion to dismiss based on double jeopardy is "'strictly limited to the double jeopardy issue(s).'").

{¶24} Accordingly, at this time, the issue regarding the jury instructions in the first prosecution is not appropriately before this court. Appellant's second assignment of error is overruled.

### III. Conclusion

{¶25} After thoroughly reviewing the record, we find that the trial court erred by permitting the state to retry appellant on the felonious assault count. Because the jury acquitted appellant of felonious assault, retrial on this count is barred by the Double Jeopardy Clause. The trial court's judgment permitting the state to retry appellant for felonious assault is reversed. The Double Jeopardy Clause does not bar the state from retrying appellant on the abduction count.

{¶26} Due to the limited nature of this appeal, we are unable to consider appellant's assertion that the trial court erred in instructing the jury on the inferior offense of aggravated assault.

{¶27} The trial court's judgment is reversed and remanded for a new trial on only the

abduction count.

It is ordered that appellant recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., JUDGE

SEAN C. GALLAGHER, P.J., and
PATRICIA ANN BLACKMON, J., CONCUR