[Cite as *State v. Cervantes*, 2022-Ohio-4018.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                    Court of Appeals No.  WD-22-004

    Appellee                                 Trial Court No.  2020CR0375

v.

Raymond Cervantes                        **DECISION AND JUDGMENT**

    Appellant                               Decided:  November 10, 2022

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

Michael H. Stahl, for appellant.

* * * * *

**MAYLE, J.**

{¶ 1} Defendant-appellant, Raymond Cervantes, appeals the January 14, 2022

judgment of the Wood County Court of Common Pleas denying his motion to dismiss.

For the following reasons, we affirm the trial court judgment.

# I.    Background

{¶ 2} Raymond Cervantes was indicted in Wood County on the following charges: (1) tampering with evidence, a violation of R.C. 2921.12(A)(1) and (B), a third-degree felony; (2) escape, a violation of R.C. 2921.34(A)(1) and (C)(2)(b), a third-degree felony; (3) attempted murder, a violation of R.C. 2923.02(A), 2903.02(D), and 2929.02(B), a first-degree felony; (4) felonious assault, a violation of R.C. 2903.11(A)(1) and (D)(1)(a); a second-degree felony; (5) felonious assault, a violation of R.C. 2903.11(A)(2) and (D)(1)(a); a second-degree felony; (6) disrupting public services, a violation of R.C. 2909.04(A)(3) and (C), a fourth-degree felony; and (7) kidnapping, a violation of R.C. 2905.01(A)(3) and (C)(1), a first-degree felony.  Cervantes had already been tried and convicted in Henry County of felonious assault and attempted murder.  The Wood County charges and the Henry County convictions arose from the following events, as summarized by the Third District in *State v. Cervantes*, 3d Dist. Henry No. 7-21-06, 2022-Ohio-2536, ¶ 2-4:

> On August 16, 2020, D.L., Cervantes's estranged wife, drove to Cervantes's Wood County residence at Cervantes's invitation to collect money for damage he previously inflicted on D.L.'s property and residence. When D.L. arrived at the residence, Cervantes gave her a sum of money and then requested that she follow him to the garage where the remainder of the money was supposedly located.  According to the victim, upon entering

2.

the garage, Cervantes attacked her by punching her, hitting her in the head with a c-clamp, and strangling her. At some point during the struggle, D.L., who was using a knife to protect herself, stabbed Cervantes in the leg, broke free from his grip, fled the garage, and entered her vehicle. However, Cervantes forced himself into the driver side of the vehicle and left the residence with D.L. in the passenger seat.

D.L. testified that, as Cervantes was driving out of the driveway, his sister came out of the residence. D.L. made eye contact with Cervantes's sister in an effort to show her the injuries. Shortly thereafter, Cervantes's sister contacted law enforcement to report the incident. However, law enforcement was unable to immediately locate Cervantes and D.L.

Cervantes drove D.L. to multiple locations along the Maumee River before arriving at a remote location in Henry County where he strangled her and repeatedly hit her on the head with a piece of driftwood. Eventually, D.L. convinced Cervantes to take her to the hospital for medical treatment by telling Cervantes that she would not disclose to the hospital staff who caused her injuries. Shortly after D.L. arrived at the hospital, law enforcement located and arrested Cervantes.[1]

---

[1] Although not included in the Third District's factual summary, there was evidence at trial that Cervantes was on electronic monitoring and removed his ankle monitor, giving

3.

**{¶ 3}** Cervantes moved in Wood County to dismiss the kidnapping, felonious assault, and attempted murder charges on double jeopardy grounds. In a judgment journalized on January 14, 2022, the trial court denied Cervantes's motion. In a nunc pro tunc judgment journalized on January 18, 2022, the court ordered that there was no just cause for delay. Cervantes appealed and assigns the following error for our review:

> The trial court erred when it denied Mr. Cervantes['s] motion to dismiss the Kidnapping, Felonious Assault and Attempted Murder counts in Wood County as those charges were barred by the Due process and Double Jeopardy provisions of the Ohio and United States Constitutions.

## II. Law and Analysis

**{¶ 4}** In his sole assignment of error, Cervantes challenges the trial court's denial of his motion to dismiss on double jeopardy grounds.[2] He argues that because the events at issue constituted a continuing course of conduct, the state could not separate them into separate charges in separate jurisdictions—the charges needed to be brought together in one county. He also claims that under *Blockburger v. U.S.,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), Wood County is precluded from prosecuting him for felonious

---

rise to Counts 1 and 2 in the Wood County indictment, and he smashed D.L.'s phone so she could not call for help, giving rise to Count 6 in the Wood County indictment.

[2] *See State v. Anderson,* 138 Ohio St.3d 264, 2014-Ohio-542, 6 N.E.3d 23, ¶ 26 ("We hold that the denial of a motion to dismiss on double-jeopardy grounds is a final, appealable order."); *State v. Hodges*, 2018-Ohio-447, 105 N.E.3d 543, ¶ 13 (7th Dist.); *State v. Smith*, 2018-Ohio-1756, 111 N.E.3d 752, ¶ 8 (8th Dist.).

4.

assault and attempted murder because the offenses are statutorily identical, and the kidnapping charge is an allied offense of similar import for which he may not be prosecuted.

## A. Standard of Review

{¶ 5} The Double Jeopardy Clause of the Fifth Amendment to the U.S. Constitution, applicable to the state through the Fourteenth Amendment, provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 10. The Double Jeopardy Clause protects against three abuses: "(1) 'a second prosecution for the same offense after acquittal,' (2) 'a second prosecution for the same offense after conviction,' and (3) 'multiple punishments for the same offense.'" *Id.*, quoting *North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), *overruled on other grounds, Alabama v. Smith,* 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989). Cervantes's claims implicate the second, and arguably, the third abuses. Because his claim involves a purely legal question, we review de novo the trial court's judgment denying his motion to dismiss the indictment on double-jeopardy grounds. *State v. Mutter*, 150 Ohio St.3d 429, 2017-Ohio-2928, 82 N.E.3d 1141, ¶ 13.

{¶ 6} Section 10 of Article I of the Ohio Constitution fixes venue as the "county in which the offense is alleged to have been committed." Under Crim.R. 18(A), the venue of a criminal case is to be determined by law. R.C. 2901.12(A) states, in pertinent part,

5.

that "[t]he trial of a criminal case in this state shall be held in a court having jurisdiction of the subject matter, and * * * in the territory of which the offense or any element of the offense was committed." Under R.C. 2901.12(H), "[w]hen an offender, as part of a course of criminal conduct, commits offenses in different jurisdictions, the offender may be tried for all of those offenses in any jurisdiction in which one of those offenses or any element of one of those offenses occurred." "The following is prima-facie evidence of a course of criminal conduct": "(1) The offenses involved the same victim * * *; (3) The offenses were committed as part of the same transaction or chain of events * * *; (5) The offenses involved the same or a similar modus operandi." R.C. 2901.12(H)(1)-(5).

## B. The Parties' Positions

{¶ 7} Despite this language that an offender "may" (*not* "must") be tried in one jurisdiction where he commits offenses in different jurisdictions as part of a course of criminal conduct, Cervantes maintains that "the State is most certainly prohibited from prosecuting offenses that are part of a continuing course of conduct, 'taking place in each particular county by separate indictment and trial.'" Cervantes contends that under Sixth District case law, prosecution may be pursued in two different counties "only for separate and distinct acts committed on different dates." *State v. McFarland,* 6th Dist. Erie No. E-11-048, 2012-Ohio-1991, ¶ 10. He claims that the felonious assault and attempted murder counts do not involve separate and distinct acts. Cervantes bases this claim on

the Henry County prosecutor's argument in response to his Crim.R. 29 motion, which the Henry County Court denied.[3]

{¶ 8} In the Henry County trial, Cervantes moved for acquittal on the felonious assault charge "without argument." But with respect to the attempted murder charge, he argued that the evidence showed an abandonment of his attempt to murder D.L. because in Wood County, he stopped beating D.L., drove her to Henry County, began beating her again, but then voluntarily stopped, even allowing D.L. to go to the hospital. The state responded by stating that with respect to the felonious assault charge, there was evidence that Cervantes beat D.L. with a c-clamp and a piece of wood. Concerning the attempted murder charge, the state insisted that Cervantes strangling D.L. and beating her with a piece of wood in Henry County—if successful—could have resulted in her death and his intent to cause her death was demonstrated by his conduct and by comments that he made indicating that she would not be going home, would not be able to leave, and would not be seeing her children.

{¶ 9} Cervantes maintains that the Henry County prosecutor's argument—and the fact that she admitted into evidence the c-clamp used to beat D.L. in Wood County—is contrary to the state's claim that the acts were separate and distinct. He also emphasizes that the Henry County court merged the felonious assault and attempted murder counts

_____

[3] The transcript of the Henry County trial was made part of the Wood County record on April 19, 2022.

7.

for purposes of sentencing, and he points to questions posed by the Henry County jury and responses provided to it by the court.

{¶ 10} Specifically, the jury asked the following questions: (1) "was there or will there be a trial in Wood County or is it all just in Henry County," and (2) "the c-clamp was in Wood County, but do we take it into account for Henry County charges"? The court responded, first, that "in your deliberations you are not to consider whether there may or may not be a trial in another county." Secondly, it responded that "you can consider all the evidence you received in this trial in making your decision." Cervantes claims that because venue is not an element of the crime, conviction for a crime in one county may be based on conduct that occurred in a different county where the conduct is part of a continuing course of conduct—which is how he describes the conduct here— even where the state does not use the phrase "continuing course of conduct." He claims that Cervantes is alleged to have attacked "the same victim" "in the same capacity" as part of "the same chain of events" in "an interconnected manner" using the "same allegedly abusive modus operandi" along his "line of travel." As such, he claims, the Wood County charges—including the kidnapping charge—cannot be tried separately because they are barred by Double Jeopardy.

{¶ 11} Turning to *Blockburger,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306, Cervantes maintains that where the same act or transaction violates two distinct statutory provisions, the test for determining whether there are two offenses or only one requires

8.

the court to consider whether each provision requires proof of a fact that the other does not. He claims that the felonious assault and attempted murder charges in Wood County are statutorily identical to those in Henry County, so a second prosecution is barred.

{¶ 12} Finally, Cervantes argues that the kidnapping charge was required to be prosecuted in Henry County because it would merge into the felonious assault and attempted murder convictions for purposes of sentencing because it was committed as part of an "ongoing violent encounter" for which there was no separate animus and no separately identifiable harm. He characterizes the kidnapping as only "incidental to the alleged plan to seclude the alleged victim to facilitate the murder"—there was "no discernible break in the alleged behavior."

{¶ 13} In sum, Cervantes insists that (1) the events at issue constituted a continuing course of conduct, and the state could not separate them into separate charges to be prosecuted in separate jurisdictions; (2) under *Blockburger,* Wood County cannot prosecute him for felonious assault and attempted murder because those offenses are statutorily identical to the Henry County convictions; and (3) the kidnapping charge is an allied offense of similar import.

{¶ 14} The state responds that separate jurisdictions may separately prosecute an offender "where a course of criminal conduct transpired over multiple jurisdictions and separate, distinct criminal acts are committed during the course of conduct." *State v. Collins*, 12th Dist. Clermont No. CA2007-01-010, 2007-Ohio-5392, ¶ 14. The state

9.

insists that under R.C. 2901.12(H), it could have prosecuted Cervantes in only one jurisdiction, but it was not required to do so. It points out that OJI contains an instruction that may be given where R.C. 2901.12(G) or (H) applies—s*ee* 2 OJI-CR 413.07—and this instruction was not given in this case.

{¶ 15} Acknowledging that the c-clamp was discussed in the Henry County trial and was admitted into evidence, the state explains that the jury was instructed that to find Cervantes guilty, it needed to find that the offenses were committed in Henry County, and it must be presumed that it followed those instructions. It maintains that the questions the jury posed demonstrated its understanding that the c-clamp was used as a weapon in Wood County—not in Henry County. It characterizes the evidence about the c-clamp as proper Evid.R. 404(B) evidence of other crimes, wrongs, or acts. The state insists that the felonious assault conviction in Henry County was premised on Cervantes's use of the driftwood, not the c-clamp.

{¶ 16} As to the *Blockburger* test, the state contends that the Henry County and Wood County charges are factually different from one another, committed at different times, in different places, and in different ways. It distinguishes *McFarland,* 6th Dist. Erie No. E-11-048, 2012-Ohio-1991—cited by Cervantes—and emphasizes that the holding in that case was specifically limited to its facts and further limited by another case from our district, *State v. Bolding*, 6th Dist. Huron No. H-19-002, 2020-Ohio-514.

10.

{¶ 17} In *McFarland,* the defendant entered a no contest plea in Maumee Municipal Court to charges of attempted disseminating matter harmful to juveniles and attempted importuning. Erie County then attempted to prosecute him on six counts of pandering obscenity involving a minor and six counts of pandering sexually oriented matter involving a minor. We found that defendant had pled no contest in reliance on his plea agreement in Maumee for crimes connected with his use of the computer to commit sex crimes against minors—he had no notice that any other charges were lingering connected to the use of his computer for child sex offenses. We determined that "[u]nder the limited facts of this case, any successive prosecution for additional child sex crimes related to the seizure of his computer, which *could* have been brought in the Lucas County case but were not, frustrates the purpose and intent of the plea agreement and sentencing in the Lucas County case and is unduly prejudicial to appellee." *Id.* at ¶ 16.

{¶ 18} In *Bolding*, the defendant was prosecuted in Huron County after he sold methamphetamine to a confidential informant during a controlled drug buy. Based upon this drug transaction, police executed a search warrant at the defendant's residence, at which time additional drugs were discovered. That discovery led to additional charges in Erie County. The trial court rejected defendant's claim that the prosecution in Huron County violated double jeopardy. We affirmed. We concluded that the Huron and Erie County cases involved separate and distinct quantities of methamphetamines recovered on separate dates. The state maintains that *Bolding* controls here because like the illegal

11.

drugs in *Bolding*, the deadly weapons used in Wood County and Henry County were different.

### C.     Resolution of Cervantes's Double Jeopardy Claim

{¶ 19} "The guarantees against double jeopardy set forth in the Fifth Amendment to the United States Constitution, and Section 10, Article I of the Ohio Constitution, bar additional punishment and successive prosecution for the same criminal offense." *State v. Mayne,* 1st Dist. Hamilton No. C-950765, 1996 WL 473283, *2 (Aug. 21, 1996). Cervantes's claim of double jeopardy rests on several incorrect assumptions, all of which evidence his mistaken belief that he is being prosecuted for offenses of which he has already been convicted.

{¶ 20} First, Cervantes assumes that the Wood County felonious assault and attempted murder charges were based on the same conduct as the Henry County convictions for felonious assault and attempted murder. They were not. Two distinct assaults occurred. The first one occurred in Wood County when Cervantes beat D.L. with a c-clamp and tried to strangle her. D.L. broke free and escaped to her vehicle. At that point, the conduct giving rise to the Wood County felonious assault and attempted murder charges was complete.

{¶ 21} The second assault occurred in Henry County when Cervantes again tried to strangle D.L. and beat her with a piece of driftwood. The second assault was removed in time from the first one, was committed in an entirely different location, and involved a

12.

completely different weapon. For this reason, *Blockburger* is inapplicable. *Blockburger* considered whether a defendant may be charged with multiple offenses where a single act violates more than one statutory provision. The court clarified: "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Blockburger,* 284 U.S. at 304, 52 S.Ct. 180, 76 L.Ed. 306. This case does not involve one act that violates multiple statutory provisions—it involves two acts that violate the same statutory provision and form the basis for separate counts in separate jurisdictions. *See State v. Wagerman*, 12th Dist. Warren No. CA2006-05-054, 2007-Ohio-2299, ¶ 32 ("The 'course of conduct' in this case was the result of multiple criminal acts by appellant through multiple jurisdictions which resulted in separate criminal charges. Appellant was not charged twice for the same offense."). *Blockburger* does not apply.

{¶ 22} This case is also different than other cases where multiple felonious assault convictions involving a single victim merged for sentencing. For instance, in *State v. Lanier,* 192 Ohio App.3d 762, 2011-Ohio-898, 950 N.E.2d 600 (1st Dist.), the defendant repeatedly shot at the victim; after the victim yelled that he had been shot, the defendant continued to fire shots until his gun jammed. The defendant was charged with one count of attempted murder and two counts of felonious assault. The court concluded that the three convictions should have merged for purposes of sentencing. It recognized that "'a

13.

perpetrator's discharge of gunshots in rapid succession either constitutes a single, continuous act or is evidence of a single animus to harm the victim with some of the attacker's shots achieving his purpose and some striking wide of the mark.'" *Id.* at ¶ 21, quoting *State v. Jackson,* 1st Dist. Hamilton No. C–090414, 2010-Ohio-4312, ¶ 25. The court observed, in particular, that the defendant had not paused or reloaded the gun.

{¶ 23} The present case, while it may have been part of the same chain of events that gave rise to the Henry County convictions, did not involve a "single, continuous act." One beating occurred with one weapon in one county, then, after a long car ride with multiple stops along the road to the final location, another beating occurred with a different weapon in a different county. The second assault was not merely a continuation of the first assault. It was a new assault.

{¶ 24} Next, Cervantes assumes that the state was required to prosecute all offenses arising from the August 16-17, 2020 incident at the same time in the same jurisdiction. To the contrary, R.C. 2901.12(H) states that "[w]hen an offender, as part of a course of criminal conduct, commits offenses in different jurisdictions, the offender *may* be tried for all of those offenses in any jurisdiction in which one of those offenses or any element of one of those offenses occurred." (Emphasis added.) "May" is permissive, not mandatory. *See Dorrian v. Scioto Conservancy Dist.,* 27 Ohio St.2d 102, 271 N.E.2d 834 (1971), paragraph one of the syllabus ("In statutory construction, the word 'may' shall be construed as permissive and the word 'shall' shall be construed as

14.

mandatory unless there appears a clear and unequivocal legislative intent that they receive a construction other than their ordinary usage."). Accordingly, the state *could,* but was not *required* to, prosecute the offenses—committed in different jurisdictions as part of the same chain of events—together. *See also, Mayne*, 1st Dist. Hamilton No. C-950765, 1996 WL 473283, at *2 ("R.C. 2901.12(H) permits the state to bring all charges arising from a course of criminal conduct in a single jurisdiction; nothing in the statute requires that procedure.").

{¶ 25} Finally, Cervantes assumes that the alleged kidnapping was not a separate event, was merely "incidental to the alleged plan to seclude the alleged victim to facilitate the murder," was required to be prosecuted in Henry County, and would have merged with the Henry County convictions.

{¶ 26} This court has recognized that with respect to merger of kidnapping convictions, "[g]enerally speaking, the farther the movement or the longer the duration of the restraint, the more likely it is that a kidnapping resulted in harm that is 'separate and identifiable' from another offense." *State v. Dean*, 2018-Ohio-1740, 112 N.E.3d 32, ¶ 63 (6th Dist.). In *Dean*, the defendant moved the victim several city blocks at gunpoint, confined her for over an hour in a secretive location, and raped her. We found that this evidence demonstrated that the kidnapping was committed separately and with separate animus, and was not merely incidental to the rapes.

15.

{¶ 27} Here, after her initial assault in Wood County, D.L. tried to leave in her car, but Cervantes got in and commandeered her vehicle. He drove her from place to place, before selecting the spot in Henry County at which he would commit a *second* assault and attempt at murdering her. During this car ride, D.L. begged to be set free so that she could seek medical treatment. Also during this time, Cervantes spoke on the phone to the father of D.L.'s children and told him he would be having sex with D.L. "one more time." The restraint of D.L.'s liberty lasted into the nighttime and caused fear and terror separate from that which she experienced during the assaults. We reject Cervantes's position that the kidnapping was merely incidental to his assault of D.L. and that he could not be separately convicted of—and sentenced for—kidnapping her. *See also State v. Freeman*, 7th Dist. Mahoning No. 12 MA 112, 2014-Ohio-1013, ¶ 22 (finding separate sentence for kidnapping lawful where defendant surprised his victim from behind, held an object to her back, forced her into a car, restrained her within the car for over three hours, and transported her across county lines against her will and in fear for her life).

{¶ 28} Accordingly, we find Cervantes's sole assignment of error not well-taken.

### III. Conclusion

{¶ 29} We find Cervantes's assignment of error not well-taken. Double jeopardy did not bar the state from prosecuting Cervantes in Wood County for felonious assault and attempted murder where those offenses occurred separately from the felonious assault and attempted murder charges of which he was convicted in Henry County; the

offenses were separated in time and were committed in different locations with different weapons. While R.C. 2901.12(H) would have permitted the state to prosecute all the offenses together, it did not require the state to do so. The *Blockburger* test is inapplicable because this was not a case involving a single act that violated two separate statutory provisions—Cervantes committed multiple acts supporting multiple counts. Cervantes's kidnapping of the victim was not merely incidental to his assault of the victim. It resulted in separate, identifiable harm.

{¶ 30} We affirm the January 14, 2022 judgment of the Wood County Court of Common Pleas. Cervantes is ordered to pay the costs of this appeal under App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Christine E. Mayle, J.                    _____
                                                              JUDGE
Gene A. Zmuda, J.

Myron C. Duhart, P.J.                    _____
CONCUR.                                                  JUDGE

                                                      _____
                                                              JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.

17.