[Cite as *State v. Lawrence*, 2025-Ohio-5277.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| STATE OF OHIO | C.A. No. 25CA012254 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| DEZMON LAWRENCE | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | CASE No. 22CR106776 |

DECISION AND JOURNAL ENTRY

Dated: November 24, 2025

SUTTON, Judge.

{¶1} Appellant Dezmon Lawrence appeals the judgment of the Lorain County Court of Common Pleas denying his motion to dismiss the indictment. For the reasons that follow, this Court affirms.

I.

**Relevant Background Information**

{¶2} This case arises from a series of crimes and alleged criminal offenses that occurred over the course of several days, December 18, 2021, to December 21, 2021, in Lorain County, Ohio and Erie County, Ohio.

{¶3} The following events are alleged to have occurred in Lorain County: (1) on the evening of December 18, 2021, Mr. Lawrence kidnapped A.B. and coerced her back to his residence in Elyria; (2) on the morning of December 19, 2021, Mr. Lawrence raped A.B. at

knifepoint; and (3) Mr. Lawrence and A.B. then drove to Erie County. Mr. Lawrence has been indicted in Lorain County but has not yet been tried on the charges arising out of these allegations.

{¶4} The following events occurred in Erie County: (1) after driving from Lorain County, Ohio, Mr. Lawrence and A.B. checked into the Wolf Inn in Erie County; (2) the next day, on December 20, 2021, A.B. wanted to leave the hotel, and Mr. Lawrence tried to prevent her from leaving; (3) when A.B. "darted for the hotel room door," Mr. Lawrence grabbed her by the neck and threw her against the wall; (4) A.B. tried to use pepper spray on Mr. Lawrence, but ended up spraying both of them and she was unable to escape; (5) Mr. Lawrence offered to take A.B. to the store to purchase milk to apply in an effort to alleviate the effects of the pepper spray; (6) A.B. concealed her mobile phone in her pants prior to their departure; (7) as they were driving out of the hotel parking lot, A.B. attempted to escape from Mr. Lawrence's moving vehicle, but Mr. Lawrence reached across the front seat and held the passenger door handle and accelerated; (8) while Mr. Lawrence was in the store buying the milk; A.B. was able to call the hotel's front desk and report she was being held in room 140 against her will; (9) A.B. asked the hotel clerk to call the police; (10) the clerk called the police to report the situation; (11) the police arrived; and (12) after speaking with A.B. and observing her injuries, A.B. was taken by ambulance to the hospital where she was treated for her injuries.

{¶5} Mr. Lawrence was indicted by the Erie County Grand Jury in case number 22CR0003 for kidnapping, abduction, and felonious assault. The date of the offenses in the Erie County indictment was "[o]n or about December 20, 2021." The Erie County case proceeded to a jury trial, and the jury found Mr. Lawrence not guilty of kidnapping, but guilty of abduction and assault.

{¶6} Mr. Lawrence's Erie County convictions for abduction and assault were affirmed by the Sixth District Court of Appeals in *State v. Lawrence*, 2025-Ohio-84 (6th Dist.). In overruling Mr. Lawrence's assignment of error concerning whether his convictions for abduction and assault should have been merged for sentencing purposes, the Sixth District stated:

> The transcripts of the trial proceedings reflect that appellant's actions constituting assault occurred within Room 140 of the Wolf Inn, while appellant's separate, subsequent acts constituting abduction occurred within appellant's motor vehicle during the trip to the store to purchase milk to alleviate the pepper spray symptoms being experienced by the parties.

*Id.* at ¶ 22.

{¶7} Mr. Lawrence was also indicted by the Lorain County Grand Jury for the offenses that allegedly took place in Lorain County: (1) rape, in violation of R.C. 2907.02(A)(2), a felony of the first degree; (2) kidnapping, in violation of R.C. 2905.01(A)(3), a felony of the first degree; (3) kidnapping, in violation of R.C. 2905.01(A)(4), a felony of the first degree, together with a sexual motivation specification pursuant to R.C. 2941.147(A); (4) assault, in violation of R.C. 2903.13(A), a misdemeanor of the first degree; and aggravated menacing, in violation of R.C. 2903.21(A), a misdemeanor of the first degree.

{¶8} Mr. Lawrence filed a motion to dismiss the Lorain County indictment on grounds of double jeopardy, arguing the conduct for which he was indicted in Lorain County encompassed the same conduct for which he was tried in Erie County. The trial court denied the motion to dismiss, stating:

> This [c]ourt does not believe that the State of Ohio is barred, on double jeopardy grounds, from prosecuting [Mr. Lawrence] for the alleged crimes in the [Lorain County] indictment . . . because there are distinct and separate offenses that took place in two different counties on completely different days.

{¶9} Mr. Lawrence has appealed, raising two assignments of error for our consideration. To facilitate our analysis, Mr. Lawrence's assignments of error will be considered together.

II.

## ASSIGNMENT OF ERROR I

**THE TRIAL COURT VIOLATED [MR. LAWRENCE'S] CONSTITUTIONAL PROTECTIONS AGAINST DOUBLE JEOPARDY BY FAILING TO DISMISS CHARGES IN LORAIN COUNTY THAT [MR. LAWRENCE] WAS ALREADY TRIED BEFORE A JURY THAT OCCURRED IN A SINGULAR COURSE OF CONDUCT.**

## ASSIGNMENT OF ERROR II

**THE TRIAL COURT VIOLATED [MR. LAWRENCE'S] CONSTITUTIONAL PROTECTIONS AGAINST DOUBLE JEOPARDY BY FAILING TO DISMISS CHARGES FOR RAPE IN LORAIN COUNTY DESPITE SAID OFFENSE ARISING OUT OF THE SAME COURSE OF CONDUCT[.]**

{¶10} Mr. Lawrence argues the charges in Lorain County and Erie County arose from the same course of conduct, and therefore the State of Ohio was required to prosecute all of the charges arising from that conduct together and its failure to do so violated his right against double jeopardy. The State argues it is not required to bring all charges out of a criminal course of conduct in the same indictment and same county, and the decision to indict Mr. Lawrence in Lorain County for the offenses occurring in Lorain County and in Erie County for the offenses occurring in Erie County does not constitute double jeopardy. We agree.

{¶11} The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, applicable to the states through the Fourteenth Amendment, provides no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." *State v. Ruff*, 2015-Ohio-995, ¶ 10. Ohio has traditionally applied federal law in the double jeopardy context. *State v. Gonzalez*, 2002-Ohio-4937, ¶ 30. The federal double jeopardy clause and Section 10, Article I of the Ohio Constitution both "protect criminal defendants against multiple prosecutions for the same offense." *State v. Hartman,* 2013-Ohio-4407, ¶ 9 (9th Dist.), quoting *State v. Brewer*, 2009-Ohio-

593, ¶ 14. Each clause "prohibits (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense." *Hartman* at ¶ 9, quoting *State v. Gustafson*, 76 Ohio St.3d 425, 432 (1996).

{¶12} The Supreme Court of Ohio has held that "an order denying a motion to dismiss on double-jeopardy grounds is a final, appealable order." *State v. Anderson*, 2014-Ohio-542, ¶ 61. Because this involves a purely legal question, we review de novo the trial court's judgment denying a motion to dismiss the indictment on double-jeopardy grounds. *State v. Mutter*, 2017-Ohio-2928, ¶ 13.

{¶13} In order to determine if double jeopardy prohibits the State from prosecuting Mr. Lawrence in Lorain County, we must first look at the Lorain County and Erie County indictments.

{¶14} Count One of the Lorain County indictment, "Rape-F1," alleges Mr. Lawrence "[o]n or about December 19, 2021" "did engage with sexual conduct with another when the offender purposely compelled her to submit by force or threat of force." Mr. Lawrence was not indicted for rape or any offense involving sexual conduct in Erie County.

{¶15} The Lorain County indictment then alleges Mr. Lawrence committed kidnapping, assault, and aggravated menacing offenses which occurred, "[o]n or about December 18, 2021, through December 21, 2021." The Erie County indictment charging Mr. Lawrence with kidnapping, abduction, and felonious assault set forth the day of the offenses as "[o]n or about December 20, 2021" and the place of the offenses as "Erie County, Ohio." The dates in the Lorain County indictment for the charges of kidnapping, assault, and aggravated menacing therefore do overlap with the date of the offenses for which Mr. Lawrence was indicted and tried in Erie County. However, overlap in these dates does not end our analysis.

{¶16} The trial court found the Erie County Grand Jury did not indict Mr. Lawrence for offenses that allegedly occurred in Lorain County, stating:

> The alleged victim was allegedly kidnapped in Lorain County on December 18, 2021. It is alleged that [Mr. Lawrence] perpetrated various crimes against the alleged victim in Lorain County on December 18, 2021, and December 19, 2021. Neither of these dates are in Erie County's indictment. [Mr. Lawrence] entered Erie County with the victim on December 20, 2021, and stayed in Erie County until he was arrested on December 21, 2021.

The trial court addressed the concern that Mr. Lawrence would be tried twice for the same offenses by stating, "[i]f during trial, the State of Ohio attempts to offer evidence for crimes that obviously occurred in and were already tried in Erie County, the [c]ourt will not allow it." The acts for which Mr. Lawrence was tried in Erie County included a December 20, 2021 assault that occurred in a hotel room in Erie County, and a separate, subsequent abduction that occurred within Mr. Lawrence's motor vehicle during the trip to the store to purchase milk. These acts are separated by time and distance from the acts that allegedly occurred in Lorain County.

{¶17} Therefore, the offenses for which Mr. Lawrence was tried in Erie County are distinct and separate from the offenses for which he faces trial in Lorain County.

{¶18} Mr. Lawrence argues even if the charged offenses are distinct and separate, the State of Ohio is *required* to bring all charges in one indictment when the alleged offenses occurred as part of a "singular course of conduct." We disagree.

{¶19} Double jeopardy only prevents multiple prosecutions for the "same offense" or a "separate offense where the government has lost an earlier prosecution involving the same facts;" but does not require the government to bring its prosecutions together. *United States v. Dixon*, 509 U.S. 688, 705 (1993).

{¶20} The trial court here acknowledged the continuous course of conduct, stating:

It is clear that there was a continuous course of conduct, concerning the same alleged victim, that started in Lorain County, Ohio, and ended in Erie County, Ohio. It is alleged that on December 18, 2021, [Mr. Lawrence] kidnapped the alleged victim in Lorain County, Ohio, and continued to hold her against her will for several days. It is alleged that at different points and times during those days, he raped her and assaulted her. He ended up being arrested at a hotel in Erie County, Ohio, on December 21, 2021, after the alleged victim got away from him and called the police.

{¶21} In *State v. Cervantes*, 2022-Ohio-4018 (6th Dist.), the Sixth District Court of Appeals addressed a situation very similar to the situation here involving a course of criminal conduct occurring across multiple counties. Mr. Cervantes attacked his estranged wife in his garage in Wood County. *Id*. at ¶ 2. He punched her, hit her in the head with a c-clamp, and strangled her. *Id*. The victim was able to break free and fled to her vehicle. *Id*. Mr. Cervantes forced himself into the vehicle and drove off with the victim in the passenger seat. *Id*. He drove with the victim to a remote location in Henry County where he again strangled her and repeatedly hit her on the head with a piece of driftwood. *Id.* Mr. Cervantes was indicted in Wood County on numerous charges including attempted murder, felonious assault, and kidnapping. *Id.*. He had already been tried and convicted in Henry County of felonious assault and attempted murder. *Id.* Mr. Cervantes moved to dismiss the Wood County indictment, arguing double jeopardy applied because the crimes in both counties occurred as a continuing course of conduct. *Id*. at ¶ 3. He argued because he was alleged to have attacked "the same victim" "in the same capacity" as part of "the same chain of events" in "an interconnected manner" using the "same allegedly abusive modus operandi" along his "line of travel," double jeopardy barred his prosecution for the Wood County charges. *Id*. at ¶ 10. The Sixth District Court of Appeals rejected that argument, stating:

> Two distinct assaults occurred. The first one occurred in Wood County when Cervantes beat [the victim] with a c-clamp and tried to strangle her. [The victim] broke free and escaped to her vehicle. At that point, the conduct giving rise to the Wood County felonious assault and attempted murder charges was complete.

The second assault occurred in Henry County when Cervantes again tried to strangle [the victim] and beat her with a piece of driftwood. The second assault was removed in time from the first one, was committed in an entirely different location, and involved a completely different weapon.

*Id.* at ¶ 20-21. The court determined the case involved multiple acts that formed the basis for separate counts in separate jurisdictions. *Id.* ¶ 21, citing *State v. Wagerman*, 2007-Ohio-2299, ¶ 32 (12th Dist.) ("The 'course of conduct' in this case was the result of multiple criminal acts by appellant through multiple jurisdictions which resulted in separate criminal charges. Appellant was not charged twice for the same offense."). The *Cervantes* court further analyzed:

The present case, while it may have been part of the same chain of events that gave rise to the Henry County convictions, did not involve a "single, continuous act." One beating occurred with one weapon in one county, then, after a long car ride with multiple stops along the road to the final location, another beating occurred with a different weapon in a different county. The second assault was not merely a continuation of the first assault. It was a new assault.

*Id.* at ¶ 23.

{¶22} Similarly, in this case, Mr. Lawrence is charged in Lorain County for alleged acts that occurred on December 18, 2021, and December19, 2021, rape, kidnapping, assault, and aggravated menacing. Mr. Lawrence was tried in Erie County for offenses based on separate acts that occurred in Erie County on December 20, 2021. These acts included an assault that occurred at a hotel in Erie County, and an abduction that occurred within Mr. Lawrence's motor vehicle during the trip to the store to purchase milk after leaving the hotel room. These acts are separated by time and distance from the acts that allegedly occurred in Lorain County and are not part of a "single, continuous act." Mr. Lawrence is not being tried for the same crimes twice. There is no double jeopardy.

{¶23}   Nor does Ohio's venue statute, R.C. 2901.12, require the State of Ohio to prosecute all the charges that are part of a course of criminal conduct in one county.   R.C. 2901.12 provides in relevant part:

> (H) When an offender, as part of a course of criminal conduct, commits offenses in different jurisdictions, the offender *may be tried* for all of those offenses in any jurisdiction in which one of those offenses or any element of one of those offenses occurred[.]

(Emphasis added.)   The venue statute *allows* the State to bring charges against a defendant occurring in different jurisdictions, that occurred as part of a course of conduct, in any jurisdiction in which one of those offenses or any element of one of those offenses occurred but does not *require* it. Thus, the use of the permissive term "may" instead of the term "shall."   *See also, State v. Mayne*, 1996 WL 473283, * 2 (1st Dist. Aug. 21, 1996) ("R.C. 2901.12(H) permits the state to bring all charges arising from a course of criminal conduct in a single jurisdiction; nothing in the statute requires that procedure.").

{¶24}   Because the record shows Mr. Lawrence was indicted for distinct and separate offenses that occurred on different dates in different counties, this Court cannot say as a matter of law that double jeopardy bars Mr. Lawrence's prosecution on the Lorain County charges.   In addition, the State was not required to bring all of the charges arising from Mr. Lawrence's course of conduct in the same indictment.

{¶25}   Accordingly, Mr. Lawrence's assignments of error are overruled.   Neither double jeopardy nor R.C. 2901.12(H) prevent Mr. Lawrence from being tried for rape, kidnapping, assault, and aggravated menacing offenses which allegedly occurred in Lorain County, Ohio.

III.

{¶26}  For the forgoing reasons, Mr. Lawrence's assignments of error are overruled.  The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETTY SUTTON
FOR THE COURT

FLAGG LANZINGER, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

JOHN KOPASAKIS, Attorney at Law, for Appellant.

ANTHONY CILLO, Proecuting Attorney, and SPENCER J. LUCKWITZ, Assistant Prosecuting Attorney, for Appellee.